**ALTSHULER BERZON LLP**
BARBARA J. CHISHOLM (SBN 224656)
bchisholm@altber.com
CONNIE K. CHAN (SBN 284230)
cchan@altber.com
ELIZABETH ESHLEMAN (SBN 354649)
eeshleman@altber.com
TALIA STENDER (SBN 341654)
tstender@altber.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:    415.421.7151

Attorneys for Plaintiff Serrana Cypret

**PROSKAUER ROSE LLP**
GREGORY W. KNOPP (SBN 237615)
gknopp@proskauer.com
JONATHAN P. SLOWIK (SBN 287635)
jslowik@proskauer.com
JENNIFER J. MCDERMOTT (SBN 339796)
jmcdermott@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone:    310.557.2900
Facsimile:    310.557.2193

Attorneys for Defendant Starbucks Corporation

*(Additional Counsel Listed on Following Page)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SERRANA CYPRET, individually and on behalf of all other similarly situated aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION<br><br>Defendant. | Case No. 5:25-cv-10396 NW<br><br>Assigned To: Honorable Noel Wise<br>Mag. Judge Virginia K. DeMarchi<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION RE: BINDING ARBITRATION, STAY OF PROCEEDINGS, AND DISCOVERY RECIPROCITY; [PROPOSED] ORDER**<br><br>Action Filed: December 4, 2025 |

**ALTSHULER BERZON LLP**
LISA DEMIDOVICH (SBN 245836)
ldemidovich@altber.com
350 Colorado Boulevard, Suite 420
Pasadena, CA 91105
Telephone:    415.421.1855

**JAMES & HOFFMAN, P.C.**
ELIZABETH GRDINA (Admitted Pro Hac Vice)
bgrdina@jamhoff.com
CHARLOTTE H. SCHWARTZ (Admitted Pro Hac Vice)
chschwartz@jamhoff.com
1629 K Street, NW, Suite 1050
Washington, DC 20006
Telephone:    202.496.0500

*Attorneys for Plaintiff Serrana Cypret*

This stipulation is made by and between Plaintiff Serrana Cypret ("Plaintiff") and Defendant Starbucks Corporation ("Starbucks") (collectively, the "Parties"), through their respective counsel of record, with reference to the following facts:

1.    WHEREAS, on December 4, 2025, Plaintiff filed this putative class action and Labor Code Private Attorneys General Act ("PAGA") action against Starbucks;

2.    WHEREAS, on December 30, 2025, Starbucks filed its Answer to Plaintiff's Complaint;

3.    WHEREAS, the Parties agree to arbitrate Plaintiff's individual claims for damages as well as Plaintiff's claims under PAGA that are premised on Labor Code violations personally sustained by Plaintiff (Plaintiff's "individual" PAGA claim);

4.    WHEREAS, Plaintiff agrees the Court shall dismiss her class claims without prejudice;

5.    WHEREAS, the Parties agree to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than March 10, 2026;

6.    WHEREAS, the Parties otherwise agree to stay Plaintiff's claims under PAGA that are premised on Labor Code violations sustained by other employees (Plaintiff's "non-individual" PAGA claim) pending the completion of the arbitration; and

7.    WHEREAS, to avoid duplication of efforts, minimize costs, and promote efficiency, the Parties agree to reciprocity of discovery in the following related actions: (i) *Allen, et al. v. Starbucks Corporation*, Alameda County Superior Court, Case No. 25CV157876; (ii) the arbitration proceedings pursuant to this Stipulation; and (iii) this lawsuit, in the event litigation of Plaintiff's non-individual PAGA claim proceeds following arbitration (collectively, the "Related Actions").  Per this agreement, all discovery, including any depositions, obtained

1

JOINT STIPULATION RE: BINDING ARBITRATION, STAY OF PROCEEDINGS, AND DISCOVERY RECIPROCITY

in any of the Related Actions may be used in the other Related Actions as if obtained therein through the normal discovery process.  By entering this Stipulation, the Parties do not concede that any discovery obtained will be admissible at trial in any of the Related Actions and expressly retain all rights to challenge the admissibility of any discovery produced or obtained on any other applicable ground.

**IT IS SO STIPULATED.**

Dated: March 6, 2026          **ALTSHULER BERZON LLP**

By:   */s/ Connie K. Chan*
Connie K. Chan
Attorneys for Plaintiff
SERRANA CYPRET

Dated: March 6, 2026          **PROSKAUER ROSE LLP**

By:   */s/ Gregory W. Knopp*
Gregory W. Knopp
Attorneys for Defendant
STARBUCKS CORPORATION

JOINT STIPULATION RE: BINDING ARBITRATION, STAY OF PROCEEDINGS, AND DISCOVERY RECIPROCITY

## ECF FILING ATTESTATION

I, Gregory W. Knopp, attest pursuant to Northern District Civil Local Rule 5-1(i)(3), that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 6, 2026            **PROSKAUER ROSE LLP**


By:   */s/ Gregory W. Knopp*
        Gregory W. Knopp
        Attorneys for Defendant
        STARBUCKS CORPORATION

3

JOINT STIPULATION RE: BINDING ARBITRATION, STAY OF PROCEEDINGS, AND DISCOVERY RECIPROCITY

## [PROPOSED] ORDER

On March 6, 2026, the Parties filed a joint stipulation regarding binding arbitration and stay of proceedings.

The Court, having considered the Parties' joint stipulation and finding good cause therefor, hereby GRANTS the joint stipulation and ORDERS as follows:

1. The Parties shall arbitrate Plaintiff's individual claims for damages as well as Plaintiff's claims under PAGA that are premised on Labor Code violations personally sustained by Plaintiff (Plaintiff's "individual PAGA claim");

2. Plaintiff's class claims are dismissed without prejudice;

3. The Parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than March 10, 2026;

4. ~~Plaintiff's claims under PAGA that are premised on Labor Code violations sustained by other employees (Plaintiff's "non-individual" PAGA claim) shall be stayed pending completion of the arbitration; and~~

5. Reciprocity of discovery shall apply in the following related actions: (i) *Allen, et al. v. Starbucks Corporation*, Alameda County Superior Court, Case No. 25CV157876; (ii) the arbitration proceedings pursuant to this Stipulation; and (iii) this lawsuit, in the event litigation of Plaintiff's non-individual PAGA claim proceeds following arbitration (collectively, the "Related Actions"). Per this agreement, all discovery, including any depositions, obtained in any of the Related Actions may be used in the other Related Actions as if obtained therein through the normal discovery process. By entering this Stipulation, the Parties do not concede that any discovery obtained will be admissible at trial in any of the Related Actions and expressly retain all rights to challenge the admissibility of any discovery produced or obtained on any other applicable ground.

**IT IS SO ORDERED.**

Dated: ___March 10___, 2026        _____

Honorable Noel Wise
Judge of the United States District Court

4