# [PROPOSED] ORDER

On March 6, 2026, the Parties filed a joint stipulation regarding binding arbitration and stay of proceedings.

The Court, having considered the Parties' joint stipulation and finding good cause therefor, hereby GRANTS the joint stipulation and ORDERS as follows:

1. The Parties shall arbitrate Plaintiff's individual claims for damages as well as Plaintiff's claims under PAGA that are premised on Labor Code violations personally sustained by Plaintiff (Plaintiff's "individual PAGA claim");

2. Plaintiff's class claims are dismissed without prejudice;

3. The Parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than March 10, 2026;

4. Plaintiff's claims under PAGA that are premised on Labor Code violations sustained by other employees (Plaintiff's "non-individual" PAGA claim) shall be stayed pending completion of the arbitration; and

5. Reciprocity of discovery shall apply in the following related actions: (i) *Allen, et al. v. Starbucks Corporation*, Alameda County Superior Court, Case No. 25CV157876; (ii) the arbitration proceedings pursuant to this Stipulation; and (iii) this lawsuit, in the event litigation of Plaintiff's non-individual PAGA claim proceeds following arbitration (collectively, the "Related Actions").  Per this agreement, all discovery, including any depositions, obtained in any of the Related Actions may be used in the other Related Actions as if obtained therein through the normal discovery process.  By entering this Stipulation, the Parties do not concede that any discovery obtained will be admissible at trial in any of the Related Actions and expressly retain all rights to challenge the admissibility of any discovery produced or obtained on any other applicable ground.

**IT IS SO ORDERED.**

Dated: March 20_____, 2026    _____

Honorable Noel Wise
Judge of the United States District Court

4